IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01539-BNB

CAROL A. GROVE,

      Plaintiff.

v.

DANIEL R DELANEY,
JON D. PAUL,
LARRY L. BOHNING,
EDWARD BRONFIN,
CITY AND COUNTY OF DENVER, and,
KAREN MCGILL,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Carol A. Grove, initiated this action on May 2, 2012, by filing *pro se* a Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, 1985, and 1986. She has been granted leave to proceed *in forma pauperis*.

On June 18, 2012, Magistrate Judge Boyd N. Boland reviewed the Complaint and found it to be deficient for numerous reasons. Magistrate Judge Boland ordered Ms. Grove to file an amended complaint within thirty days. Magistrate Judge Boland further warned the Plaintiff that failure to file an amended complaint may result in the dismissal of her claims against Defendants Delaney, Paul, Bohning, Bronfin and the City and County of Denver for the reasons discussed in the June 18 Order. Ms. Grove did not file a Complaint by the court-ordered deadline.

Ms. Grove has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte*

an action at any time if the action is frivolous.  A legally frivolous claim is one in which

the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts

facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324

(1989).

The Court must construe Ms. Grove's Complaint liberally because she is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read

"to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal

theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading

requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate

for a *pro se* litigant.  *See id*.  For the reasons set forth below, the Complaint and the

action will be dismissed, in substantial part.

In the Complaint, Ms. Grove alleges that Defendants Delaney and Paul violated

her constitutional rights during their representation of Wells Fargo Bank in a state

foreclosure proceeding pursuant to Colo. R. Civ. P. 120.  She further alleges that

Defendants Bohning and Bronfin, who are state court judges, issued unlawful orders in

the state  foreclosure and related eviction proceedings.  Ms. Grove states that

Defendant McGill posted an eviction notice at her home on May 8, 2012.  On May 17,

2012, five deputy sheriffs, including Defendant McGill, and several movers from a

private moving company arrived at Plaintiff's residence.  Ms. Grove was told to retrieve

her essential belongings and leave the premises.  Plaintiff alleges that during her

2

communications with the deputies, she was assaulted by Defendant McGill and another officer.  She states that Defendant McGill grabbed her arms, pulled her onto the back patio, told her to "calm down or be taken to jail," then proceeded to twist Plaintiff's wrist and arm causing her pain.  When Ms. Grove asked Defendant McGill to let go of her arm because of the pain, McGill responded, "it's supposed to hurt."  (ECF No. 1, at 11 of 18).  Plaintiff states that her right wrist and armed were bruised and sprained and that she has lost her ability to work because of the injury inflicted by Defendant McGill.   Ms. Grove complains that the Defendants have violated her constitutional rights and she requests monetary relief.

The Court lacks subject matter jurisdiction over the claims in the Complaint asking the Court to review the foreclosure proceeding in the Denver County District Court.  The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The ***Rooker-Feldman*** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment.  ***See Feldman***, 460 U.S. at 482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks."  ***Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147-48 (10th Cir. 2004).  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  ***Id***. at 1148; ***see also Mann v. Boatright,*** 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment); ***Pittsburgh County Rural Water Dist. No. 7 v. City of Maltster***, 358 F.3d 694, 707 (10th Cir. 2004) (federal claim is inextricably intertwined with state court judgment if the state court judgment "caused, actually and proximately, the injury for which [the party] seeks redress").

Plaintiff's constitutional claims against Defendants Delaney, Paul, Bohning, and Bronfin are premised on the legality of the state foreclosure proceeding.  Furthermore, Plaintiff asks this Court to award her compensatory damages for the loss of her home. In short, Ms. Grove's claims are inextricably intertwined with the state court order authorizing the foreclosure.  ***Cf. Mann***, 477 F.3d at 1147 (a federal-court plaintiff's claims seeking monetary damages from government actors who complied with probate

4

court orders unfavorable to the plaintiff were barred by the **_Rooker–Feldman_** doctrine because success on the claims "would require the district court to review and reject [the probate court's] judgments.").  As such, the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants Bohning, Bronfin, Delaney and Paul that attack the state foreclosure proceeding, pursuant to the **_Rooker-Feldman_** doctrine.[1]

In addition, Ms. Grove's claims for monetary relief against Defendants Bohning and Bronfin, who are state court judges, are precluded because the Defendants are entitled to absolute immunity from liability, unless they acted in the clear absence of all jurisdiction.  **See _Mireles v. Waco_**, 502 U.S. 9, 11-12 (1991); **_Stump v. Sparkman_**, 435 U.S. 349, 356-57 (1978); **_Hunt v. Bennett_**, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Plaintiff's allegations that the state judges issued and enforced orders during, and attendant to, state foreclosure and related eviction proceedings concern actions taken in their judicial capacities within the jurisdiction of the state court.  Accordingly, Defendants Bohning and Bronfin are entitled to absolute immunity.  Because Defendants Bohning and Bronfin are improper parties to this action, Plaintiff's claims against them will be dismissed as legally frivolous.

Ms. Grove next alleges that Defendant Denver deputy sheriff McGill, along with unidentified Denver deputies and employees of a private moving company, destroyed her personal property during a forced eviction.  However, Plaintiff appears to assert a

---

[1]The Court notes that if Ms. Grove intends to assert any claims against Defendant Delaney and Paul that are not barred by the **_Rooker-Feldman_** doctrine, she has failed to articulate the factual basis for those claims.  In order "to state a claim in federal court, a complaint must explain what each defendant did to him [  ]; when the defendant did it; how the defendant' s action harmed him [  ]; and, what specific legal right [Ms. Grove] believes the defendant violated."  **_Nasious v. Two Unknown B.I.C.E. Agents_**, 492 F.3d 1158, 1163 (10th Cir. 2007).

claim for violation of her Fourteenth Amendment due process rights only against Defendant McGill and the City and County of Denver.

"[I]f adequate state post-deprivation remedies are available," then intentionally depriving someone of property is not a violation of the Fourteenth Amendment. ***Durre v. Dempsey***, 869 F.2d 543, 547 (10th Cir.1988) (citing ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984)).   An action in state court invoking the "willful and wanton" act exception to the Colorado Governmental Immunity Act pursuant to COLO. REV. STAT.  (C.R.S.) § 24–10–118(2) is an adequate state post-deprivation remedy.  ***See Ali v. Reeves***, No. 06-1317, 232 F. App'x. 777, 779 (10th Cir. Apr. 26, 2007).   The Tenth Circuit requires a plaintiff to plead that these remedies are inadequate. ***Montana v. Hargett***, 84 F. App'x. 15, 17 (10th Cir. 2003) (unpublished) (citing ***Durre***, 869 F.2d at 548).  If such a remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." ***Freeman v. Dep't of Corrs.***, 949 F.2d 360, 362 (10th Cir.1991). In order to overcome this presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." ***Id***.   Ms. Grove does not allege any facts in her Complaint about the adequacy of her state court remedy. Accordingly, the remedy for her claim asserting a random and intentional deprivation of property by Defendant McGill is pursuant to § 24-10-118, C.R.S., of the Colorado Governmental Immunity Act, not under § 1983.

Moreover, the City and County of Denver cannot be held liable under 42 U.S.C. § 1983 in the absence of an underlying constitutional violation by one of its officers or employees.  Because the Court will dismiss Mr. Grove's claim for unconstitutional

deprivation of property, her Fourteenth Amendment due process claim against the City and County of Denver necessarily fails.  *See Trigalet v. City of Tulsa, Oklahoma*, 239 F.3d 1150, 1154-55 (10th Cir. 2001); *Myers v. Oklahoma County Board of County Commissioners*, 151 F.3d 1313, 1316 (10th Cir.1998).

Furthermore, the City and County Denver is not liable for Defendant McGill's alleged use of excessive force during the forced eviction. Magistrate Judge Boland warned Plaintiff in the June 18 Order that to hold a municipality or county liable under 42 U.S.C.§ 1983, she must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998).  A local government entity such as the City and County of Denver is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Ms. Grove does not state any facts in the Complaint to demonstrate that the alleged destruction of her property and use of excessive force by Denver sheriff's deputies during the eviction was pursuant to a municipal policy or custom.

Finally, Ms. Grove's claim under 42 U.S.C. §§ 1985 and 1986 must be dismissed.  Plaintiff's allegations do not support a claim under § 1985(1) (preventing officer from performing duties) or § 1985(2) (obstructing justice, intimidating party,

witness, or juror).  Plaintiff may be attempting to assert a claim under § 1985(3), which creates a cause of action against persons who conspire to deprive a person or class of persons equal protection or privileges. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir.1994). To state a claim under § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) the conspirators committed some act in furtherance of the conspiracy; and (4) the plaintiff was either injured in his person or property or was deprived of having and exercising any right or privilege of a citizen of the United States. *See Griffin v. Breckenridge*, 403 U.S. 88, 103–04 (1971).

The Tenth Circuit has held that in order to support a claim under the statute a plaintiff must be a member of a statutorily protected class, and actions taken by defendants must stem from the plaintiff's membership in that class. *See Silkwood v. Kerr–McGee Corp.*, 637 F.2d 743, 746–47 (10th Cir. 1980). Moreover, there must be some racial or other class-based, invidiously discriminatory animus behind the conspirator's actions. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993); *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 838; *Graham v. City of Okla. City, Okla.*, 859 F.2d 142 (10th Cir.1988); *Brown v. Reardon*, 770 F.2d 896 (10th Cir.1985).

Ms. Grove's Complaint is devoid of any facts to show that she is a member of a statutorily protected class or that the actions taken by Defendants stemmed from her membership in a protected class.  As such, her § 1985(3) claim will be dismissed.

8

Absent a viable § 1985(3) conspiracy claim, Ms. Grove's claim under § 1986 (relating to the neglect or refusal to prevent a § 1985 violation) must also fail.  ***See Brown,*** 770 F.2d at 905 (§ 1986 is dependent upon the validity of a § 1985 claim).

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.1C, the Court has determined that Ms. Grove's excessive force claim against Defendant McGill does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.1D. Accordingly, it is

ORDERED that Defendants City and County of Denver, Larry L Bohning, Edward Bronfin, Jon D. Paul and Daniel R. Delaney are dismissed as parties to this action.  It is

FURTHER ORDERED that the claims challenging the state foreclosure proceeding are dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine. It is

FURTHER ORDERED that the Fourteenth Amendment due process claim is DISMISSED. The only claim remaining is Plaintiff's Fourth Amendment excessive force claim against Defendant McGill.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _31st_ day of ____July_____, 2012.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

9