UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-01539-REB-CBS

CAROL A. GROVE,

    Plaintiff,

v.

KAREN MCGILL,
JAMES MOORE,
ALEX MEDINA, and
ERIC ROSENFELDT,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the **Recommendation of the Magistrate that the Civil Action Against Defendants Be Dismissed** [#50],[1] filed June 6, 2012. No objection having been filed to the recommendation, I review it for plain error only. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no such error in the magistrate judge's recommended disposition, I find and conclude that the recommendation should be approved and adopted.

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. ***Morales-Fernandez***, 418 F.3d at 1122. In addition, because plaintiff is proceeding *pro se*, I have construed her pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As set forth in the magistrate judge's detailed and thorough recommendation, plaintiff's Amended Complaint fails to allege sufficient facts to state plausible claims for relief pursuant to 42 U.S.C. §§ 1983, 1985, or 1986 against defendants in either their official or individual capacities.[3] With respect to her state law claims, plaintiff has not alleged or otherwise demonstrated that she has complied with the jurisdictional prerequisites of the Colorado Governmental Immunity Act ("CGIA"), §24-10-109(1), C.R.S.[4] These claims are therefore properly dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). *Garman v. Campbell County School District No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect.").

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation that the Civil Action Be Dismissed** [#50], filed September 16, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2. That **Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [#34], filed April 17, 2013, is **GRANTED**;

3. That plaintiff's First, Second, and Third Claims for Relief against defendants are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) as follows:

   a. That plaintiff's claims are **DISMISSED WITH PREJUDICE** to the extent they allege violations of the Fourth, Eighth, Ninth, and Fourteenth

---

[3] Concomitantly, in the absence of any properly alleged cause of action under these statutes, plaintiff cannot assert a viable claim for damages and fees pursuant to section 1988 either.

[4] Even if it were shown that plaintiff had complied with the CGIA, I would decline to exercise supplemental jurisdiction over her pendant state law claims given the dismissal of the section 1983 claims. *See* 28 U.S.C. § 1367(a).

> Amendments;
>
> > b. That plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** to the extent they allege violations of the First Amendment;

4. That plaintiff's Fourth and Fifth Claims for Relief against defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1);

5. That judgment **SHALL ENTER** on behalf of defendants, Karen McGill, James, Moore, Alex Medina, and Eric Rosenfeldt, and against plaintiff, Carol A. Grove, as to all claims and causes of action asserted herein; provided,

> > a. That the judgment as to plaintiff's First, Second, and Third Claims for Relief, to the extent such claims are based on alleged violations of the First Amendment, as well as the judgment as to plaintiff's Fourth and Fifth Claims for Relief, shall be without prejudice; and
>
> > b. That the judgment as to plaintiff's First, Second, and Third Claims for Relief, to the extent such claims are based on alleged violations of the Fourth, Eighth, Ninth, and Fourteenth Amendments, shall be with prejudice; and

6. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 23, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge